FILED
JAMES J. VILT, JR. - CLERK
SEP 21 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**DAYTON PETERSON**
**JOHN E. LOHDEN, JR.**

INDICTMENT

NO. 3:22-CR-111-DJH

18 U.S.C. § 2
18 U.S.C. § 913
18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 1201(a)(1)
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
*(Kidnapping)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAYTON PETERSON** and **JOHN E. LOHDEN, JR.**, aided and abetted by each other and others known and unknown to the grand jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold J.A.G., E.M.O., G.A.M., J.M.A.M., L.A.M., and M.A.M. for firearms, jewelry, currency, and narcotics, and, in committing and in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

The Grand Jury further charges:

## COUNT 2
*(Impersonator Making Arrest or Search)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAYTON PETERSON** and **JOHN E. LOHDEN, JR.**, aided and

abetted by each other and others known and unknown to the grand jury, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and in such assumed and pretended character did act as such, in that **DAYTON PETERSON** and **JOHN E. LOHDEN, JR.**, aided and abetted by each other and others known and unknown to the grand jury, falsely wore insignia of the Bureau of Alcohol, Tobacco, Firearms and Explosives and presented a fabricated search warrant bearing a cover sheet from the federal Administrative Office of the Courts, and detained J.A.G., E.M.O., G.A.M., J.M.A.M., L.A.M., and M.A.M. and searched the property of J.A.G. and E.M.O.

In violation of Title 18, United States Code, Sections 913 and 2.

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 1201(a)(1), as described in Count 1 of this Indictment, the defendants, **DAYTON PETERSON** and **JOHN E. LOHDEN, JR.**, shall forfeit to the United States any and all property constituting, or derived from, proceeds defendants obtained, directly or indirectly, as a result of this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

As a result of committing an offense in violation of Title 18, United States Code, Section 1201(a)(1) and Title 18, United States Code, Sections 913, as described in Counts 1 and 2 of this Indictment, the defendants, **DAYTON PETERSON** and **JOHN E. LOHDEN, JR.**, shall forfeit to the United States any and all firearms and ammunition involved in the commission of the

offenses, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461.

A TRUE BILL.

[Redacted]

*Laura L. Hall for*
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:AMB:APG

3

UNITED STATES OF AMERICA v. **DAYTON PETERSON, ET AL.**

## PENALTIES

Count 1: NM Life/$250,000/both/NM 5yrs. Supervised Release
Count 2: NM 3 yrs./$250,000/both/NM 1 yr. Supervised Release
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.