UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA					PLAINTIFF

v.								CRIMINAL ACTION NO. 3:22-CR-111-DJH

DAYTON PETERSON							DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for October 22, 2024.

### Statutory Sentencing Provisions

Dayton Peterson stands convicted of Kidnapping, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2. (Count 6 of the Third Superseding Indictment) A conviction under these statutes carries a maximum term of imprisonment of life, a potential maximum fine of $250,000, and a term of supervised release of no more than 5 years. The defendant also stands convicted of Impersonator Making Arrest or Search, in violation of Title 18, United States Code, Sections 913 and 2. (Count 7 of the Third Superseding Indictment) A conviction under these statutes carries a maximum term of imprisonment of 3 years, a potential maximum fine of $250,000, and a term of supervised release of no more than 1 year. The defendant also stands convicted of Robbery, in violation of Title 18, United States Code, Sections 1951 and 2. (Count 8 of the Third Superseding Indictment) A conviction under these statutes carries a maximum term of imprisonment of 20 years, a potential maximum fine of $250,000, and a term of supervised release of no more than 3 years. The defendant also stands convicted of Using or Carrying a

Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). (Count 10 of the Third Superseding Indictment) A conviction under this statute carries a minimum term of imprisonment of 5 years, which must be served consecutive to any other count, a potential maximum fine of $250,000, and a term of supervised release of no more than 5 years. The defendant also stands convicted of Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B). (Count 11 of the Third Superseding Indictment) A conviction under these statutes carries a maximum term of imprisonment of 40 years, a potential maximum fine of $5,000,000, and a term of supervised release of no less than 4 years. The defendant also stands convicted of Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2. (Count 15 of the Third Superseding Indictment) A conviction under these statutes carries a maximum term of imprisonment of 40 years, a potential maximum fine of $5,000,000, and a term of supervised release of no less than 4 years. The defendant also stands convicted of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). (Count 16 of the Third Superseding Indictment) A conviction under this statute carries a minimum term of imprisonment of 5 years, which must be served consecutive to any other count, a potential maximum fine of $250,000, and a term of supervised release of no more than 5 years. Lastly, the defendant also stands convicted of Engaging in Monetary Transactions Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957. (Count 17 of the Third Superseding Indictment) A conviction under this statute carries a maximum term of imprisonment of 10 years, a potential maximum fine of

$250,000, and a term of supervised release of no more than 3 years.

## Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offenses should be 40. (DN 375, PSR at ¶ 67 Page ID # 4345). The PSR also concludes that Mr. Peterson's criminal history places him in Criminal History Category I. (*Id*. at ¶ 74, Page ID # 4346) Based upon a total offense level of 40 and a criminal history category of I, the guideline imprisonment range is 291 to 365 months. However, the defendant has an additional 120-month consecutive sentence, which results in a guideline of imprisonment range of 412 to 485 months. (*Id*. at ¶ 96, Page ID # 4351).

## Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed–
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the kinds of sentence and the sentencing range established for--
    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
    . . .
(5)  any pertinent policy statement--

> . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Mr. Peterson stands convicted of Kidnapping, Impersonator Making Arrest or Search, Robbery, Using or Carrying a Firearm During and in Relation to a Crime of Violence, Conspiracy to Possess with Intent to Distribute Controlled Substances, Possession with Intent to Distribute Controlled Substances, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Engaging in Monetary Transactions Derived from Specified Unlawful Activity. As the evidence presented in this matter at trial, and summarized in the PSR, document, the nature and circumstances of the offenses for which a jury found the Defendant guilty are extremely serious. Furthermore, a review of each of the factors outlined in 18 U.S.C. § 3553(a)(2) reveals that the guideline sentence is squarely in line with what is sufficient but not greater than necessary in this case.

As this Court is aware, there was no plea agreement in this case and the matter proceeded to trial. Moreover, at trial, the Defendant laid the blame for his crimes at the feet of his accomplices, and denied any culpability. Accordingly, the Defendant should not receive any downward variance for acceptance of responsibility, nor for any other reason. The guideline range in this case has been correctly calculated, and a sentence within the range of 412 - 485 months imprisonment is both appropriate and necessary to satisfy the factors this Court will consider at sentencing.

At sentencing, the United States will argue for a sentence within the guideline range. It is the position of the United States that a sentence within the guideline range will promote respect for the law, provide just punishment for the offenses, protect the public, deter further criminal

conduct, and provide Mr. Peterson with needed correctional treatment. A sentence within the guideline range of 412 - 485 months imprisonment meets these factors.

## Restitution

Pursuant to 18 U.S.C. § 3663A, restitution shall be ordered in this case. At the sentencing hearing, undersigned counsel for the United States will requests that the Court order restitution to Adult Victim 3 in the amount of $3,000. This is consistent with the restitution already ordered of other codefendants in this case.

## Conclusion

WHEREFORE, based on the reasons set forth above, the United States respectfully requests the Court to impose a sentence at within the guideline range of 412 to 485 months imprisonment. Moreover, the United States requests the Court order restitution to Adult Victim 3 in the amount of $3,000.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911

## CERTIFICATE OF SERVICE

On October 21, 2024, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney